UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON

| | |
|---|---|
| VIVIAN JANET BOWMAN,<br><br>　　　Plaintiff,<br><br>V.<br><br>RHONDA FISTER, et al.,<br><br>　　　Defendants. | Civil No. 5: 15-386-KKC<br><br><br><br>**MEMORANDUM OPINION<br>AND ORDER** |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Vivian Janet Bowman is a resident of Lexington, Kentucky. Proceeding without counsel, Bowman has filed a civil complaint against defendants Rhonda Fister and the Fayette County Public School ("FCPS") system. [R. 1] This matter is before the Court to screen the plaintiff's complaint and to address two pending motions.

The Court must conduct a preliminary review of Bowman's complaint because she has been granted permission to proceed *in forma pauperis* and because she asserts claims against government officials. 28 U.S.C. §§ 1915(e)(2), 1915A. A district court must dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Hill v. Lappin*, 630 F. 3d 468, 470-71 (6th Cir. 2010). When testing the sufficiency of Bowman's complaint, the Court affords it a forgiving construction, accepting as true all non-conclusory factual allegations and liberally construing its legal claims in the plaintiff's favor. *Davis v. Prison Health Servs.*, 679 F.3d 433, 437-38 (6th Cir. 2012).

In her complaint, Bowman alleges that on July 7, 2015, she attempted to apply for employment as a substitute teacher with FCPS. However, staff at FCPS allegedly advised

her that she could not apply because nearly a decade before, on December 20, 2006, Rhonda Fister, the Principal of Cassidy Elementary School, had signed an "Exclusion Form" requesting that Bowman not be assigned as a substitute teacher at the school. [R. 1 at 1-2] Principal Fister stated that the exclusion was requested because:

> Parents shared concern over her request for photo with the children and only the boys were in picture with her. Other concerns voiced by parents after she was in classroom.

[R. 1-1 at 1] The form states that "[s]ubstitutes will receive a copy of the exclusion for and have the opportunity to respond to the Associate Directors of Certified or Classified Personnel." *Id*.

Bowman asserts that Principal Fister's statement that there were only boys with her in the picture is false and defamatory, and that girls and parents were in the pictures as well. [R. 1-1 at 2-3] Bowman contends that FCPS has discriminated against her because she is an unmarried heterosexual woman, because "I do no sex," and "[t]hey wanted to do forced prostitution and trafficking on me for the purpose of sexual exploitation." [R. 1 at 2]

Since the filing of her complaint, Bowman has filed a number of letters and miscellaneous documents with the Court, some of which repeat her prior allegations, while others make new allegations against other persons which are unrelated to her pre-existing claims. See [R. 5, 6, 7, 8, 12, 13, 14] While these filings do not constitute a formal amendment of her complaint, the Court has considered their contents for purposes of conducting its initial review of the complaint.

In separate correspondence, Bowman indicates that in mid-2016 she filed a second lawsuit arising out the same events against Principal Fister in the Fayette Circuit Court. *Bowman v. Fister*, No. 16-CI-2461 (Fayette Cir. Ct. 2016). See [R. 13] That case has apparently been dismissed, and Bowman's appeal is pending in the Kentucky Court of Appeals. *Bowman v. Fister*, No. 2016-CA-1330 (Ky. App. 2016). See [R. 15]

Bowman has also filed two letters in this case which the Court has construed as motions. In the first, Bowman requests that FCPS be dismissed as a defendant in this action. [R. 11] In the second, Bowman contends that the recent dismissal of her 2016 state court action was wrongful, and asks this Court to hold Principal Fister accountable for her actions. [R. 15] The Court will grant the former motion, but deny the latter as moot in light of its disposition below.

Having thoroughly reviewed the plaintiff's complaint and her subsequent filings, the Court concludes that it must be dismissed with prejudice. As a preliminary matter, a review of the Court's online PACER database establishes that Ms. Bowman is a frequent and abusive litigator in the federal courts, having filed several dozen lawsuits that have been dismissed as frivolous or for failure to state a claim. Cf. *Bowman v. Stengel*, No. 3: 09-CV-30-DCR (E.D. Ky. 2009); *Bowman v. Eckels*, No. 3: 09-CV-737-JHM (W.D. Ky. 2009); *Bowman v. Canapp*, No. 1: 09-CV-149-TBR (W.D. Ky. 2009); *Bowman v. Patty Tipton Co.*, No. 5: 09-CV-415-JBC (E.D. Ky. 2009); *Bowman v. Eckels*, No. 3: 10-CV-568-CRS (W.D. Ky. 2010); *Bowman v. Alaniz*, No. 5: 11-CV-80-XR (W.D. Tex. 2011); *Bowman v. Fegett*, No. 3: 11-CV-428-JGH (W.D. Ky. 2011); *Bowman v. Marstin*, No. 3: 13-CV-392-JGH (W.D. Ky. 2013); *Bowman v. Bachman*, No. 1: 15-CV-38-MRB (S.D. Ohio 2015); *Bowman v. Cortellessa*, No. 3: 15-CV-268-DJH (W.D. Ky. 2015); *Bowman v. Harrison*, No. 1: 15-CV-290-SJD (S.D. Ohio 2015).

Of particular relevance here, Bowman has previously filed in this Court a complaint against FCPS and Principal Fister, alleging the very same facts set forth in her current complaint. Bowman's complaint was dismissed with prejudice on October 5, 2009, for failure to state a claim because her claims were time-barred and because she failed to exhaust administrative remedies prior to filing suit by obtaining a right-to-sue letter from the Equal Employment Opportunity Commission. *Bowman v. Fayette County Public Schools*, No. 5: 09-

CV-275-JMH (E.D. Ky. 2009) [R. 5 therein]   The Court "may take judicial notice of proceedings in other courts of record." *Granader v. Public Bank*, 417 F.2d 75, 82-83 (6th Cir. 1969); *see also* Fed. R. Evid. 201(b)(2).   Records on government websites are self-authenticating.  *See* Fed. R. Evid. 902(5); *Qiu Yun Chen v. Holder*, 715 F.3d 207, 212 (7th Cir. 2013) ("A document posted on a government website is presumptively authentic if government sponsorship can be verified by visiting the website itself."); *Hames v. Sepanek*, No. CIV.A. 0:13-111-HRW, 2013 WL 5235567, at *1 n.1 (E.D. Ky. Sept. 17, 2013), appeal dismissed (Nov. 5, 2013).

Because the claims Bowman sets forth in her current complaint were actually litigated in the prior action and were dismissed with prejudice, the doctrine of claim preclusion bars her from attempting to relitigate them here:

> "Under the doctrine of claim preclusion, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Rivet v. Regions Bank of La.*, 522 U.S. 470, 476, 118 S.Ct. 921, 139 L.Ed.2d 912 (1998) (brackets and internal quotation marks omitted). Claim preclusion applies when (1) there is a final decision on the merits in the first action by a court of competent jurisdiction; (2) the second action involves the same parties, or their privies, as the first; (3) the second action raises an issue actually litigated or which should have been litigated in the first action; and (4) there is an identity of claims between the first and second actions. *Sanders Confectionery Prods., Inc. v. Heller Fin. Inc.*, 973 F.2d 474, 480 (6th Cir. 1992).

*Heike v. Central Mich. Univ. Bd. of Trustees*, 573 F. App'x 476, 480 (6th Cir. 2014).  Bowman's present complaint satisfies each of these criteria, and she is hence barred from re-asserting the same claims previously dismissed by this Court.

Bowman's claims are also subject to dismissal independent of the prior dismissal. First, Bowman alleges that Principal Fister defamed her by making a false statement about the contents of the pictures.  It should be noted that Fister did not herself characterize the contents of the photographs in the Exclusion Form, but appears to have only relayed the parents' statements about the contents of the photograph.  Regardless, defamation is a tort

claim arising under Kentucky, not federal, law, and Bowman's allegations therefore do not invoke this Court's federal question jurisdiction under 28 U.S.C. § 1331. Nor may Bowman invoke the Court's diversity jurisdiction under 28 U.S.C. § 1332 where both she and the named defendants are citizens of the same state. Bowman's complaint is therefore subject to dismissal for lack of subject matter jurisdiction.

Finally, the statement which gives rise to Bowman's claim was uttered in December 2006, and therefore the one-year statute of limitations on the claim has long since expired. This is true whether the claim is characterized as a civil rights claim asserted under 42 U.S.C. § 1983, *Hornback v. Lexington-Fayette Urban Co. Gov't.*, 543 F. App'x 499, 501 (6th Cir. 2013), or as a state law tort claim for defamation, *Branham v. Micro Computer Analysts*, 350 F. App'x 35, 37 (6th Cir. 2009).

Accordingly, **IT IS ORDERED** that:

1. Plaintiff's motion to dismiss the Fayette County Public Schools as a defendant in this action [R. 11] is **GRANTED**.

2. Plaintiff's complaint [R. 1] is **DISMISSED WITH PREJUDICE**.

3. Plaintiff's motion for this Court to hold Principal Fister "accountable" for her actions [R. 15] is **DENIED AS MOOT**.

4. The Court will enter an appropriate judgment.

5. This matter is **STRICKEN** from the active docket.

This November 3, 2016.



KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY